IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOYCE WEESE,<br><br>　　Plaintiff,<br><br>　　v.<br><br>C. R. BARD, INC., et al.,<br><br>　　Defendants. | CIVIL ACTION FILE<br>NO. 1:11-CV-911-TWT |

ORDER

This is a personal injury case. It is before the Court on the Covidien Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 9], which is DENIED.

I. Introduction

Defendant Tissue Science Laboratories Limited ("TSL"), a Covidien plc company, manufactures Pelvicol, a surgical mesh used to reinforce pelvic floor tissue. Defendant C.R. Bard ("Bard") sells and distributes Pelvicol throughout the United States pursuant to an exclusive agreement with TSL. Plaintiff Joyce Weese, an Oklahoma resident, alleges that she sustained injuries caused by Pelvicol after the product was surgically implanted in her body. She sued Bard and the Covidien

Defendants on negligence, strict liability, and breach-of-warranty theories. The Covidien Defendants now move to dismiss the case for lack of personal jurisdiction.

## II. Rule 12(b)(2) Standard

Under Rule 12(b)(2), the plaintiff has the burden of establishing a prima facie case of personal jurisdiction. Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). In evaluating a motion to dismiss for lack of personal jurisdiction, the Court accepts as true the allegations in the complaint to the extent they are uncontested by affidavits proffered by the defendant. If the defendant refutes the allegations through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Id. Where the plaintiff's complaint and supporting affidavits conflict with the defendant's affidavits, the Court must construe all reasonable inferences in favor of the plaintiff. Id.

The Court applies a two-part test to determine whether it has personal jurisdiction over a nonresident defendant. First, the Court must determine whether the Georgia long-arm statute permits the exercise of jurisdiction. Second, the Court must determine whether the defendant has sufficient "minimum contacts" to satisfy due

process. Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc., 593 F.3d 1249, 1258 (11th Cir. 2010).

### III. Discussion

Georgia's long-arm statute permits the Court to exercise personal jurisdiction over a nonresident who "in person or through an agent" transacts any business within Georgia as to a cause of action arising out of that transaction. O.C.G.A. § 9-10-91(1). The Eleventh Circuit recently recognized that the Georgia Supreme Court intended to broaden the reach of the long-arm statute "by stripping away certain limitations, not expressly contained in the statute, that various courts had injected into the statute over time. For example, courts had limited the application of subsection (1) to contract cases and construed it to require the nonresident defendant's physical presence in Georgia (thereby minimizing the import of the nonresident's intangible contacts with the state), even though neither requirement appears on the face of the statute." Diamond Crystal Brands, 593 F.3d at 1260.  Thus, a defendant need not physically enter the state. As a result, a nonresident's mail, telephone calls, and other "intangible" acts, though occurring while the defendant is physically outside of Georgia, must be considered. Id. at 1264.

    A.    <u>Tissue Science Laboratories</u>

The undisputed evidence shows that TSL transacts business relating to the marketing and sale of Pelvicol within Georgia. TSL ships all Pelvicol products to Covington, Georgia, where Bard packages and distributes the products to medical providers in Georgia and other states. See <u>Vibratech, Inc. v. Frost</u>, 291 Ga. App. 133, 139 (2008) (exercising personal jurisdiction over nonresident defendant where defendant shipped its products to an Alabama distributor with the expectation that the products would be distributed to Georgia). Moreover, because Bard is the exclusive distributor of Pelvicol, TSL and Covidien employees have regularly communicated with the Covington office through telephone, mail, and email. See <u>Paxton v. Citizens Bank and Trust of W. Ga.</u>, 307 Ga. App. 112, 116 (2010) ("[I]t seems clear that Georgia allows the assertion of long-arm jurisdiction over [nonresident defendants based on] business conducted through postal, telephonic, and Internet contacts"); <u>Kolodziej v. Mason</u>, 1:10-cv-2012-JEC, 2011 WL 2009467, at *3 (N.D. Ga. 2011) ("[A] defendant may transact business in Georgia on the basis of 'intangible acts' such as telephone, postal, or internet communications made outside of the state."). These contacts are sufficient to satisfy both Georgia's long-arm statute and due process.

    B.    <u>Covidien plc, Covidien International Finance, SA ("CIFSA"), and Covidien LLC</u>

Jurisdiction is also proper as Covidien plc, Covidien International Finance, SA ("CIFSA"), and Covidien LLC. Covidien plc is the ultimate parent company in the Covidien corporate structure. According to Weese, Covidien plc "touts the [Pelvicol] product line as its own both on its website and in its public SEC filings." (Pl.'s Br. in Resp. to Defs.' Mot. to Dismiss, at 16.) CIFSA is a wholly-owned subsidiary of Covidien plc. It is a holding company that owns the operating subsidiaries of Covidien plc, and conducts no business of its own. Covidien LLC is a Covidien operating subsidiary that is listed by the FDA as the "owner/operator" of TSL. The "owner/operator" is "the corporation . . . [or] affiliated company . . . directly responsible for the activities of the registering establishment [TSL]." 21 C.F.R. § 807.3(f). The company is also listed on FDA filings as the "owner/operator" of the facility that manufactures Pelvicol.

Weese alleges that TSL is the agent and alter ego of each of these companies. (Compl. ¶ 22.) The companies do not appear to challenge this assertion at this stage. To the contrary, the FDA Device Registration for Permacol (the product marketed as Pelvicol) lists the manufacturer as "Covidien, formerly Tissue Science Laboratories, PLC [TSL]." (Pl.'s Br. in Resp. to Defs.' Mot. to Dismiss, at 16.) Because Georgia's long-arm statute permits the Court to exercise jurisdiction over a nonresident who "in person or through an agent" transacts any business within Georgia, jurisdiction is

proper. Likewise, federal law permits the Court to exercise jurisdiction over nonresidents whose agents or alter egos have minimum contacts with the jurisdiction. See Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 586 (5th Cir. 2010). Therefore, jurisdiction is proper as to all Defendants.

## IV. Conclusion

For the reasons listed above, the Covidien Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 9] is DENIED.

SO ORDERED, this 26 day of July, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge